Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NEW WORLD BANK INTERNATIONAL CORP.<br><br>Recurrente<br><br>v.<br><br>OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS<br><br>Recurrido | TA2026AP00441 | APELACIÓN acogida como REVISIÓN JUDICIAL Procedente de la Oficina del Comisionado de Instituciones Financieras<br><br>Caso Núm.:<br>IFE 053<br>IFE-053-01<br><br>Sobre:<br>Denegatoria de Renovación de Licencia |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de mayo de 2026.

El 30 de abril del año en curso, New World Bank International Corp. (New World o la parte recurrente) presentaron ante este Tribunal de Apelaciones un *Recurso de Revisión Administrativa*.[1] En este, solicitó la revisión judicial del *Notice of Denial of License Renewal* emitido por la Oficina del Comisionado de Instituciones Financieras (OCIF o foro recurrido) del 24 de febrero de 2026. Por virtud de la aludida determinación, el foro recurrido denegó a la parte recurrente la renovación de las licencias IFE-53 e IFE-53-01 para operar como una institución financiera internacional (EFI).

Por su parte, el 5 de mayo de 2026, la OCIF sometió ante nuestra consideración una *Moción de Desestimación al Amparo de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones*. En la misma, arguyó que carecíamos

---

[1] A pesar de que el recurso fue presentando como una *revisión administrativa*, por error u omisión involuntaria se clasificó el mismo como una *apelación*. Por ser lo correspondiente en derecho, acogemos el mismo como una *revisión judicial*, aun cuando conserve la misma identificación alfanumérica.

de jurisdicción para atender el recurso instado por New World, por lo que debía ser desestimado.

Estudiado el legajo apelativo y los argumentos levantados por las partes, resolvemos que, en efecto, carecemos jurisdicción para atender el recurso de epígrafe por lo que, sin más, debemos desestimarlo. Nos explicamos.

-I-

El 18 de mayo de 2017, la OCIF expidió en favor de New World un permiso para operar como una entidad financiera internacional. En lo concerniente, es meritorio señalar que el 25 de junio de 2024, el foro recurrido remitió un *Request for information as of March 31, 2024* a New World, notificándole que se llevaría a cabo una auditoría y como parte del proceso, solicitó cierta información y documentación. La auditoría culminó el 6 de marzo de 2025. Así las cosas, el Informe de Examen le fue entregado a la parte recurrente el 12 de mayo de 2025. New World respondió el mismo el 30 de junio de 2025.

Así las cosas, el 6 de febrero de 2026, la OCIF emitió orden mediante la cual impuso una serie de multas a la parte recurrente. Posteriormente, el **26 de febrero de 2026**, notificó la denegación a la renovación de la licencia expedida en favor de New World. Inconforme con esta última determinación, la parte recurrente presentó *Moción de Reconsideración*. Ahora bien, según propiamente admite en su recurso, **por error involuntario la reconsideración preparada fue sometida el 16 de marzo de 2026, ante la Oficina del Comisionado de Seguros**, **no ante la Oficina del Comisionado de Instituciones Financieras**. Al ser alertada por la Oficina del Comisionado de Seguros de la equivocación, el 19 de marzo de 2026 New World sometió su *Moción de Reconsideración* ante el foro recurrido. Este foro, no actuó con respecto a esta, por lo que entonces New World instó el recurso de epígrafe.

El 4 de mayo de 2026, la OCIF compareció mediante *Moción para Asumir Representación Legal de la Parte Recurrida, Oficina del Comisionado de Instituciones Financieras*. Al día siguiente, como arriba señalamos, solicitó la desestimación del recurso por falta de jurisdicción.

-II-

*A.*

El derecho administrativo regula los trámites, los poderes y las responsabilidades de las agencias administrativas, las exigencias legales para efectuar tales acciones y los remedios que las partes afectadas tienen disponibles ante la actuación de una agencia. *ACT v. Prosol, et al.*, 210 DPR 897, 907 (2022). Conforme a ello, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) codifica las pautas mínimas que las agencias administrativas cobijadas por este estatuto deben garantizar. *Íd.*, al citar a *Fonte Elizondo v. F.&R Const.*, 196 DPR 353, 358 (2016).

En ese sentido, es meritorio mencionar que la LPAU, en su sección 3.14, establece lo concerniente a las órdenes o resoluciones finales. Particularmente, indica que una orden o resolución final debe ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho. Además, la orden o resolución, entre otras cosas, deberá incluir y exponer separadamente determinaciones de hechos si éstas no se han renunciado, las conclusiones de derecho que fundamentan la adjudicación, así como la disponibilidad del recurso de reconsideración o revisión, según sea el caso. Así pues, la orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así

como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes.[2]

En cuanto a la reconsideración, la Sección 3.15 de la LPAU dispone lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, **dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden**, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
>
> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.[3]

Por su parte, y con relación a la revisión judicial, la Sección 4.2 de la LPAU indica que la parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por dicho foro o por el correspondiente organismo administrativo apelativo, podrá presentar una solicitud de revisión judicial ante este Tribunal de Apelaciones, dentro de los treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia **o desde la fecha aplicable de las dispuestas en la Sección 3.15 cuando el término para solicitar la revisión judicial**

---

[2] Véase, 3 LPRA Sec. 9654.
[3] 3 LPRA Sec. 9655.

**haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.[4]**

*B.*

Con el propósito de que Puerto Rico pudiera alcanzar el nivel de exposición y desarrollo deseado como un centro financiero internacional, el 25 de septiembre de 2012 se aprobó la *Ley Reguladora del Centro Financiero Internacional* (Ley 273-2012). Entre las facultades que el mencionado estatuto le reconoció a su Comisionado, está el adoptar y de tiempo en tiempo revocar, enmendar o suplementar reglas y reglamentos para que se cumpla con sus disposiciones.[5]

La Ley 273-2012 en su artículo 5, rige la solicitud de permiso para organizar una entidad financiera internacional. Allí, se lista la información que toda solicitud debe incluir. También, se indica, entre otras cosas, qué deberá incluir la investigación que deberá efectuar el Comisionado con relación a los proponentes; las razones por las que el Comisionado podrá devolver la solicitud de permiso presentada y aquellas por las cuales podrá denegarla. En lo concerniente al caso de autos, destacamos que el inciso (k) del mencionado artículo establece que un proponente a quien se le haya denegado la licencia podrá solicitar reconsideración al Comisionado dentro de los veinte (20) días siguientes a la notificación de la denegación.[6]

Similar plazo se establece en el Artículo 6(g)(11) de la Ley 273-2012 sobre Licencias, así como en su Artículo 20 sobre Vistas Administrativas, Procedimientos Adjudicativos y Revisión Judicial.[7] En este último, la discutida ley establece que "[t]odo lo relativo a la denegación de permisos para organizarse o de licencia en su origen, así como la revisión de las multas impuestas mediante exámenes se llevará a cabo a través de un

---

[4] 3 LPRA Sec. 9672.
[5] 7 LPRA Sec. 3082.
[6] 7 LPRA Sec. 3084.
[7] 7 LPRA Sec. 3099.

proceso de reconsideración mediante la presentación de la correspondiente moción de reconsideración ante el Comisionado en el término de veinte (20) días contados a partir de la fecha de notificación de la determinación del Comisionado. Si dentro del término de (15) días desde su presentación la OCIF la deniega o rechazare de plano la reconsideración, la parte perjudicada tendrá un término de treinta (30) días para solicitar revisión ante el Tribunal de Apelaciones."

C.

De conformidad con la autoridad que la Ley 273-2012 le reconoce al Comisionado de Instituciones Financieras, se aprobó el Reglamento de Procedimientos Adjudicativos de la Oficina del Comisionado de Instituciones Financieras, Reglamento Número 9551 del 11 de abril de 2024 (Reglamento 9551). Este, tiene el propósito de establecer las normas y reglas aplicables a los procedimientos adjudicativos ante la OCIF.[8]

La Sección 20 del Reglamento 9551 establece lo relativo a las órdenes o resoluciones finales de la OCIF. Allí, se dispone que la orden o resolución final deberá incluir y exponer separadamente: (1) determinaciones de hechos, si no han sido renunciadas; (2) conclusiones de derecho que fundamentan la decisión; (3) la orden específica y las sanciones impuestas; y (4) la disponibilidad del recurso de reconsideración o revisión, según sea el caso.

En lo pertinente a la reconsideración, la Sección 23 del Reglamento 9551 lee como a continuación se transcribe.

SECCIÓN 23. RECONSIDERACIÓN

Cualquier parte adversamente afectada por una orden o resolución final de la Oficina en procedimiento adjudicativo podrá presentar una moción de reconsideración dentro del término de veinte (20) días contados a partir de la fecha de archivo en autos de la notificación de la resolución u orden.

La Oficina, dentro de los quince (15) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano o no actuase dentro de los quince (15) días, el término para solicitar

---

[8] Sección 1.3 del Reglamento 9551.

revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde expiren esos quince (15) días, según sea el caso.

Si la acoge dentro de los quince (15) días, la moción deberá ser resuelta dentro de los noventa (90) días siguientes a la presentación de la moción de reconsideración. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la Oficina resolviendo definitivamente la moción de reconsideración.

Si la Oficina acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido presentada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la Oficina por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

La presentación de una solicitud de reconsideración no exime a persona alguna, a modo de suspensión o posposición, de la vigencia de la resolución y orden, a menos que medie una orden especial de un Tribunal o de la Oficina.

La Oficina podrá reconsiderar sus resoluciones a iniciativa propia antes de que expire el término para presentar la revisión judicial

*D.*

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129, 215 DPR _____; al mencionar a *Munc. Aguada v. W Cost. y Recovery Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a *R&B Power, Inc.*

*v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024) y *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ende, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. *Allied Mgmt. Group v. Oriental Bank*, *supra* a la pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román*, *supra.*

-III-

Como arriba mencionamos, un estudio del legajo apelativo nos fuerza a desestimar el recurso de epígrafe por falta de jurisdicción. Según arroja el expediente, la determinación final administrativa que New World pretende impugnar fue notificada el **24 de febrero del año en curso**. Por consiguiente, de conformidad con las disposiciones de la LPAU, la Ley 273-2012 y el Reglamento 9551 antes citados, la parte recurrente contaba con veinte (20) días para solicitar reconsideración del aludido dictamen. El último día para ello, entonces, era el **16 de marzo de 2026**. Ese día, New World presentó una reconsideración. Sin embargo, esta fue presentada en el foro incorrecto, pues por error involuntario, su solicitud de reconsideración fue sometida ante la Oficina del Comisionado de Seguros y no ante la OCIF.

La parte recurrente admite este hecho en su recurso. Así, en el escolio 3 de su *Recurso de Revisión Administrativa*, cita cierta jurisprudencia para

distinguir los requisitos de carácter jurisdiccional de aquellos de estricto cumplimiento. Ello, nos parece, con el fin de exponer que en el presente caso existe justa causa por la cual la solicitud de reconsideración fue presentada tardíamente ante el foro recurrido. No obstante, los argumentos que plantean no salvaguardan la falta de jurisdicción que hoy nos obliga a desestimar el recurso de epígrafe. Veamos.

La presentación de una moción de reconsideración no es un requisito jurisdiccional para que la parte afectada por una orden o resolución administrativa final acuda ante nos. Eso surge claramente de la normativa vigente aplicable, pues la sección 3.15 de la LPAU establece que *podrá* someterse una reconsideración; vocablo que demuestra que tal acción es una discrecional. Ahora, de así escoger hacerse, el plazo disponible para hacerlo es uno claro: veinte (20) días.

Igual de indudable es que, la presentación oportuna de una moción de reconsideración tiene el efecto de paralizar los términos para acudir en revisión judicial ante este Tribunal de Apelaciones. Así queda establecido por la Sección 4.2 de la LPAU al establecer que el plazo de treinta (30) días para presentar el recurso de revisión judicial serán contados a partir desde la notificación del dictamen "o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley **cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.**"

Por lo tanto, en la causa de epígrafe, New World sometió su moción de reconsideración ante el foro equivocado el 16 de marzo de 2026, último día disponible para hacerlo.[9] Así las cosas, la presentación posterior de esta,

---

[9] Nótese que el error en la presentación de la moción de reconsideración no es imputable a la OCIF de forma tal que no se le puedan oponer a la parte recurrente los términos para recurrir. Véase, *Horizon v. Jta. Revisora*, 191 DPR 228 (2014) y *PR Asphalt v. Jta. Subasta Mun. Naranjito*, 203 DPR 734 (2019). La resolución recurrida, no solamente indicó el plazo disponible para someter la reconsideración, sino que informó la dirección postal a la que esta podía ser enviada; la dirección física donde podía ser entregada e, inclusive, que la misma podía ser enviada por correo electrónico a la misma dirección electrónica mediante

el 19 del mismo mes y año, ante la OCIF, cuando el plazo para hacerlo había vencido, no tuvo el efecto de paralizar el término de treinta (30) días que tenía disponible para acudir ante nos, el cual vencía el **26 de marzo de 2026**. Por tanto, como correctamente aduce la OCIF al comparecer y solicitar la desestimación del recurso de epígrafe, ya para el **30 de abril de 2026**, fecha en que New World finalmente sometió ante nos su *Recurso de Revisión Administrativa,* había expirado el término que tenía disponible para ello. Al ser así, carecemos de jurisdicción para atenderlo, debiéndose desestimar.

-IV-

Por los fundamentos antes esbozados, se declara ha lugar la moción de desestimación y procedemos a **desestimar** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

la cual se notificó la denegatoria de renovación de licencia. Véase, *Notice of Denial of License Renewal*, pág. 208 del Apéndice.